IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **ANDREA DALAKER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **C.A. NO. 1:26-CV-02224-MJM** |
| | ) | |
| **FLYWHEEL DIGITAL LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, Flywheel Digital LLC ("Flywheel" or "Defendant"), by and through its undersigned counsel, hereby submits its Answer and Affirmative Defenses to Plaintiff's Complaint (the "Complaint") and states as follows:

Defendant is not required to admit or deny the introductory paragraph of Plaintiff's Complaint, which is generally a statement of Plaintiff's purported claims; however, Defendant denies that it discriminated and/or retaliated against Plaintiff, and generally denies all liability and damages asserted against Defendant by Plaintiff.

**INTRODUCTION AND NATURE OF THE ACTION**

1. Defendant denies the allegations in Paragraph 1.

2. Defendant denies the allegations in Paragraph 2.

3. Defendant denies the allegations in Paragraph 3.

4. Defendant denies the allegations in Paragraph 4.

5. Defendant denies the allegations in Paragraph 5.

6. Defendant denies the allegations in Paragraph 6.

## PARTIES

7. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations in the first, third, and fourth sentence of Paragraph 7 and therefore denies the same. Defendant admits the allegations in the second sentence of Paragraph 7.

8. Defendant admits the allegations in the first through fifth sentences of Paragraph 8. The allegations in the final sentence of Paragraph 8 consist of a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

## JURISDICTION, VENUE

9. Defendant denies the allegations in Paragraph 9.

10. The allegations contained in Paragraph 10 consist of a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

## ADDITIONAL FACTUAL ALLEGATIONS

11. Defendant denies that Plaintiff performed her job duties satisfactorily and in an exemplary manner at all times during her employment, and that she continually outperformed her peers. Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations in Paragraph 11 and therefore denies the same.

12. Defendant admits that Plaintiff was not provided with a team to support Consulting Operations projects assigned to her, as the scope of work did not justify it. Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations in Paragraph 12 and therefore denies the same.

13. Defendant denies the allegations in Paragraph 13.

14. Defendant denies the allegations in Paragraph 14.

15. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 15 and therefore denies the same.

16. Defendant admits that although Plaintiff's title changed, the essence of her roles remained the same. Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations in Paragraph 16 and therefore denies the same.

17. Defendant admits that Plaintiff's overall responsibilities did not change appreciably and that she had responsibility for contributing to OKRs. Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations in Paragraph 17 and therefore denies the same.

18. Defendant admits the allegations in the second sentence of Paragraph 18. Defendant is without sufficient knowledge as to whether Plaintiff's OKRs were "green" at the time of her separation. Defendant denies the remaining allegations in Paragraph 18.

19. Defendant denies the allegations in Paragraph 19.

20. Defendant denies the allegations in the first sentence of Paragraph 20. Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations in Paragraph 20 and therefore denies the same.

21. Defendant denies the allegations in Paragraph 21.

22. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations regarding Plaintiff's prior work experience. Defendant denies the remaining allegations in Paragraph 22.

23. Defendant denies the allegations in Paragraph 23.

24. Defendant denies the allegations in Paragraph 24.

25. Defendant denies the allegations in Paragraph 25.

26. Defendant denies the allegations in Paragraph 26.

27. Defendant denies the allegations in the first sentence of Paragraph 27. Defendant also explicitly denies that Areman's selection was "rooted in discriminatory preference." Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations in Paragraph 27 and therefore denies the same.

28. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations in the first sentence of Paragraph 28. Defendant denies the remaining allegations in Paragraph 28.

29. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations regarding the timing of Seibert's assumption of the position of Senior Manager, Commerce Operations, in relation to the creation of the Commerce Operations team, and therefore denies the same. Defendant also denies the remaining allegations in Paragraph 29.

30. Defendant denies the allegations in Paragraph 30.

31. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations regarding when Plaintiff became "aware" of Scott's bonus eligibility and therefore denies the same. Defendant also denies the remaining allegations in Paragraph 31.

32. Defendant denies the allegations in the second sentence of Paragraph 32. Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations in Paragraph 32 and therefore denies the same.

33. Defendant denies the allegations in Paragraph 33.

34. Defendant denies the allegations in Paragraph 34.

35. Defendant denies the allegations in Paragraph 35.

36. Defendant admits that McCord started a "run club." Defendant denies the remaining allegations in Paragraph 36.

37. Defendant denies the allegations in Paragraph 37.

38. Defendant denies the allegations in Paragraph 38.

39. Defendant admits the allegations in the first sentence of Paragraph 39. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations in the second sentence in Paragraph 39. Defendant denies the allegations in the third sentence of Paragraph 39.

40. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations in the introductory paragraph and subparagraphs (a) and (c) of Paragraph 40 and therefore denies the same. Defendant admits the allegations in subparagraph (b) in Paragraph 40. Defendant admits that Plaintiff raised concerns regarding the 2023 bonus to her manager, Hannah Donoghue, and was told that the Company was no longer making bonus determinations for 2023; however, Defendant denies the remaining allegations in subparagraph (d) in Paragraph 40.

41. Defendant denies the allegations in Paragraph 41.

42. Defendant denies the allegations in Paragraph 42.

43. Defendant denies the allegations in Paragraph 43.

44. Defendant denies the allegations in Paragraph 44.

45. Defendant denies the allegations in Paragraph 45.

46. Defendant denies the allegations in Paragraph 46.

## COUNT I

47. Defendant repeats and incorporates the responses to the foregoing paragraphs as if fully set forth herein.

48. Defendant denies the allegations in the first sentence in Paragraph 48. Defendant admits the allegations in the second sentence in Paragraph 48.

49. The allegations contained in Paragraph 49 consist of a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

50. The allegations contained in Paragraph 50 consist of a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

51. Defendant denies the allegations in Paragraph 51.

52. Defendant denies the allegations in Paragraph 52.

53. Defendant denies the allegations in Paragraph 53.

54. Defendant denies the allegations in Paragraph 54.

55. Defendant denies the allegations in Paragraph 55.

**COUNT II**

56. Defendant repeats and incorporates the responses to the foregoing paragraphs as if fully set forth herein.

57. Defendant denies the allegations in the first sentence in Paragraph 57. Defendant admits the allegations in the second sentence in Paragraph 57.

58. The allegations contained in Paragraph 58 consist of a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

59. Defendant denies the allegations in Paragraph 59.

60. Defendant denies the allegations in Paragraph 60.

61. Defendant denies the allegations in Paragraph 61.

62. Defendant denies the allegations in Paragraph 62.

63. Defendant denies the allegations in Paragraph 63.

64. Defendant denies the allegations in Paragraph 64.

65. Defendant denies the allegations in Paragraph 65.

**COUNT III**

66. Defendant repeats and incorporates the responses to the foregoing paragraphs as if fully set forth herein.

67. Defendant denies the allegations in the first sentence in Paragraph 67. Defendant admits the allegations in the second sentence in Paragraph 67.

68. The allegations contained in Paragraph 68 consist of a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

69. Defendant denies the allegations in Paragraph 69.

70. Defendant denies the allegations in Paragraph 70.

71. Defendant denies the allegations in Paragraph 71.

72. Defendant denies the allegations in Paragraph 72.

**COUNT IV**

73. Defendant repeats and incorporates the responses to the foregoing paragraphs as if fully set forth herein.

74. Defendant denies the allegations in the first sentence in Paragraph 74. Defendant admits the allegations in the second sentence in Paragraph 74.

75. The allegations contained in Paragraph 75 consist of a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

76. Defendant denies the allegations in Paragraph 76.

77. Defendant denies the allegations in Paragraph 77.

78. Defendant denies the allegations in Paragraph 78.

79. Defendant denies the allegations in Paragraph 79.

80. Defendant denies the allegations in Paragraph 80.

81. Defendant denies the allegations in Paragraph 81.

## COUNT V

82. Defendant repeats and incorporates the responses to the foregoing paragraphs as if fully set forth herein.

83. The allegations contained in Paragraph 83 consist of a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

84. The allegations contained in Paragraph 84 consist of a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

85. Defendant denies the allegations in Paragraph 85.

86. Defendant denies the allegations in Paragraph 86.

87. The allegations contained in Paragraph 87 consist of a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

88. Defendant denies the allegations in Paragraph 88.

89. Defendant denies the allegations in Paragraph 89.

90. Defendant denies the allegations in Paragraph 90.

## COUNT VI

91. Defendant repeats and incorporates the responses to the foregoing paragraphs as if fully set forth herein.

92. The allegations contained in Paragraph 92 consist of a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

93. The allegations contained in Paragraph 93 consist of a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

94. Defendant denies the allegations in Paragraph 94.

95. Defendant denies the allegations in Paragraph 95.

96. Defendant denies the allegations in Paragraph 96.

**PRAYER FOR RELIEF**

Defendant is not required to admit or deny Plaintiff's requested relief in the Complaint. Defendant denies, however, that Plaintiff's claims have merit, and denies that Plaintiff is entitled to any of the relief requested.

**DEMAND FOR JURY TRIAL**

Defendant is not required to admit or deny the demand for a jury trial.

To the extent that any allegation in Plaintiff's Complaint has not been specifically denied, it is denied.

**AFFIRMATIVE DEFENSES**

1. The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2. Any conduct by Defendant with respect to Plaintiff was based upon legitimate, non-discriminatory and non-retaliatory business reasons, and no unlawful factor motivated Defendant in any decision regarding Plaintiff's employment.

3. All actions by Defendant with respect to Plaintiff were made with justification, were in good faith compliance with all applicable laws, regulations, and/or agency guidance and were done without any intent to injure or harm Plaintiff.

4. Defendant engaged in good faith efforts to comply with all federal, state, and local laws prohibiting unlawful discrimination, including by promulgating and enforcing policies prohibiting such conduct and providing prompt remedial actions for violations of the policies. Any conduct contrary to these measures would be unauthorized and in violation of Defendant's policies.

5. At all material times, Defendant had no knowledge of and did not condone, ratify, encourage, or acquiesce in any alleged unlawful conduct. To the extent any of Defendant's employees engaged in any conduct that violated the law, such actions were outside the scope of their employment, were contrary to the policies and procedures of Defendant, and not done in the furtherance of Defendant's business interests.

6. Plaintiff's claims, or some of them, are barred, in whole or in part, to the extent Plaintiff has failed to exhaust her administrative remedies.

7. Plaintiff's claims, or some of them, are barred, in whole or in part, by the applicable statute of limitations.

8. Plaintiff's claims are barred, in whole or in part, to the extent that she failed to mitigate her damages, if any.

9. Any damages that Plaintiff has allegedly suffered were caused in whole or in part by her own conduct.

10. Plaintiff's claims for damages are barred, in whole or in part, to the extent Plaintiff has not incurred, or cannot establish, the economic damages she claims as a result of the conduct alleged.

11. The Complaint fails to allege facts sufficient to state a claim for punitive damages against Defendant since there was no malice, reckless indifference to Plaintiff's rights, or willful or wanton conduct attributable to Defendant.

**RESERVATION OF RIGHTS**

Defendant reserves the right to assert any and all additional affirmative defenses which may be determined during the course of discovery.

Dated: August 4, 2026

Respectfully submitted,

*/s/ Courtney B. Amelung*
Courtney B. Amelung (Bar No. 13422)
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One South Street, Suite 1800
Baltimore, MD 21202
Telephone: (410) 752-1040
courtney.amelung@ogletreedeakins.com

*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 4, 2026, Defendant's Answer and Affirmative Defenses to Plaintiff's Complaint was electronically filed and thereby served upon:

Raymond C. Fay
D. Md. Bar No. 08213
Fay Law Group PLLC
1250 Connecticut Ave NW Ste 700
Washington, DC 20036
(202) 263-4604 (tel)
(202) 261-3508 (fax)
rfay@faylawdc.com

Robert Baldwin III, Esq.
Md. Bar No. 20793
Virtue Law
1250 Connecticut Ave., NW Suite 700
Washington, DC 20036
(301)821-6407
Robert@virtuelawgroup.com

*/s/ Courtney B. Amelung*
Courtney B. Amelung